UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of                                                          101 West Lombard Street
**GEORGE L. RUSSELL, III**                                  Baltimore, Maryland 21201
United States District Judge                                      410-962-4055

January 15, 2016

MEMORANDUM TO COUNSEL RE:      Daniel Reyes, et al. v. Nicolas Ramos, et al.
                                                            Civil Action No. GLR-15-1625

Dear Counsel:

Pending before the Court is Defendants', Nicolas Ramos and G&N Realty, LLC ("G&N"), Motion to Dismiss Action for Lack of Subject Matter Jurisdiction. (ECF No. 10). The Motion is ripe for disposition. Upon consideration of the Motion and supporting documents, the Court finds no hearing necessary pursuant to Local Rule 105.6 (D.Md. 2014). For the reasons stated below, the Motion will be denied.

Plaintiffs were employed by Ramos and Defendant Arcos, Inc. d/b/a Arcos Restaurant, Inc. ("Arcos") between February 2014 and April 2014. Plaintiff Daniel Reyes worked at Arcos as a dishwasher and performed construction work for Ramos's other businesses. Reyes typically worked more than 70 hours per week for seven weeks from late February 2014 to April 7, 2014. Plaintiff Cristian Campo was employed by Ramos and Arcos as a table busser and landscaper from February 27, 2014 to March 15, 2014. Campo worked more than 40 hours per week. Plaintiff Patricia Martinez was employed by Ramos and Arcos as a bartender, server, dishwasher, and busser from about February 27, 2014 to March 15, 2014. Martinez worked more than 40 hours per week. Ramos, however, refused to pay Plaintiffs all of the wages due to them.

On June 3, 2015, Plaintiffs initiated this action against Ramos, Arcos, and Defendants NICO, Inc., Ramos Realty, Inc. d/b/a Ramos Realty, LLC, and G&N Realty, LLC,[1] alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. (2012) (Count I), the Maryland Wage and Hour Law, Md.Code Ann., Lab. & Empl. §§ 3-401 et seq. (West 2015) (Count II), and the Maryland Wage Payment and Collection Law, Md.Code Ann., Lab. & Empl. §§ 3-501 et seq. (Count III); and breach of contract (Count IV). (ECF No. 1). On July 10, 2015, Ramos and G&N filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF No. 10). On August 7, 2015, Plaintiffs filed an Opposition to the Motion. (ECF No. 13). On August 24, 2015, Ramos and G&N filed a Reply to the Opposition. (ECF No. 16).

Rule 12(b)(1) permits a defendant to challenge federal court jurisdiction over the subject matter of the complaint. The question of subject-matter jurisdiction may be raised by the parties or

---

[1] Because Arcos, NICO, Inc., and Ramos Realty, Inc. d/b/a Ramos Realty, LLC, have failed to file a responsive pleading and default has been entered against them, the Court will henceforth refer to Ramos and G&N as "Defendants" in this memorandum.

the court, sua sponte, at any stage of the litigation.  Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006); see Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008).  A motion to dismiss for lack of subject-matter jurisdiction raises the issue of "whether the court has the competence or authority to hear the case."  Davis v. Thompson, 367 F.Supp.2d 792, 799 (D.Md. 2005).  When subject-matter jurisdiction is challenged, the plaintiff bears the burden of proving, by a preponderance of evidence, the existence of jurisdiction.  United States ex. rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009); see Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

Such a challenge may proceed by either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject-matter jurisdiction, or a factual challenge, asserting that the jurisdictional allegations of the complaint are not true.  Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009); Buchanan v. Consol. Stores Corp., 125 F.Supp.2d 730, 736 (D.Md. 2001).  In a factual challenge, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction."  Kerns, 585 F.3d at 192.  In that circumstance, the Court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment."  Velasco v. Gov't of Indon., 370 F.3d 392, 398 (4th Cir. 2004) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)); Evans, 166 F.3d at 647 (quoting Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991)).

Because all parties are Maryland residents or corporations, Plaintiffs have invoked federal question and supplemental jurisdiction in this action pursuant to 28 U.S.C. §§ 1331, 1367 (2012), by bringing claims under the FLSA.  Defendants argue Plaintiffs do not sufficiently allege that this matter implicates the FLSA.  Specifically, Plaintiffs were not employees engaged in commerce as required by 29 U.S.C. §§ 206 and 207 and Defendants do not qualify as "an enterprise engaged in commerce" as required by § 203.[2]  Plaintiffs argue coverage under the FLSA is not jurisdictional, but rather an element of their FLSA claims.

In Arbaugh, the United States Supreme Court stated "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character."  546 U.S. at 516.  Because Congress did not rank the "engaged in commerce" requirement in the FLSA as jurisdictional, the Court will view the issues of whether the parties in this action were engaged in commerce as an element of Plaintiffs' FLSA claims.  See Gilbert v. Freshbikes, LLC, 32 F.Supp.3d 594, 601 (D.Md. 2014) (citing cases); see also Ramirez v. Amazing Home Contractors, Inc., No. JKB-14-2168, 2015 WL 4282130, at *2 (D.Md. July 14, 2015) ("FLSA coverage (individual or enterprise) is an essential element of a plaintiff's FLSA claim."); Guzman v. D & S Capital, LLC, No. MAB 14-CV-01799, 2015 WL 772797, at *6 (D.Md. Feb. 20, 2015) (interpreting whether employer was an enterprise engaged in commerce as an element of FLSA claim); cf. Russell v. Cont'l Rest., Inc., 430 F.Supp.2d 521, 527 (D.Md. 2006) (interpreting

[2] The Court notes the majority of the Motion to Dismiss focuses on whether Defendants are an enterprise engaged in commerce under the FLSA.  As such, this memorandum will focus on the same.

whether employer was an enterprise engaged in commerce as jurisdictional issue).  The Court will, therefore, deny Defendants' Motion as to their Rule 12(b)(1) argument.

Additionally, Defendants argue for the first time in their Reply that the Complaint should be dismissed for failure to state a claim under Rule 12(b)(6).[3]  A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not state "a plausible claim for relief," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).  Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element.  Goss v. Bank of Am., N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)) (internal quotation marks omitted), aff'd sub nom., Goss v. Bank of Am., NA, 546 F.App'x 165 (4th Cir. 2013).   In considering a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true.  See Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783 (4th Cir. 1999) (citing Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)).

Specifically, Defendants state Plaintiffs' Opposition fails to include factual allegations or evidence to "support an inference any defendant is part of an enterprise with more than $500,000 of gross sales per year."  (Reply Mem. in Support Mot. to Dismiss 7, ECF No. 16).  Defendants also cite Guzman, in which this Court found that a plaintiff failed to sufficiently plead that the defendant employers engaged in interstate commerce because the plaintiff merely used conclusory assertions.  2015 WL 772797, at *6.  An allegation that a party engaged in interstate commerce is a legal conclusion that must be supported by more particular facts.  See id. (stating "engaged in interstate commerce" is a legal assertion).  Conversely, an allegation as to the $500,000 gross annual revenue

---

[3] Defendants attached an Affirmation and several tax returns to their Motion to Dismiss. Because the documents were not referenced in the Complaint, the Court will not consider them at this stage of the litigation unless the Court converts the Motion to one for summary judgment. Counsel for Plaintiffs filed a declaration stating the parties have not engaged in discovery and they are, therefore, unable to present evidence essential to opposing Defendants' assertion that they do not meet the FLSA's gross sales threshold.  (ECF No. 13-1).

Pursuant to Rule 56(d), if a nonmovant shows by declaration that it cannot present facts needed to justify its opposition, the court may defer consideration of the motion or deny it, or allow time for the nonmovant to take discovery.  Fed.R.Civ.P. 56(d).  Nevertheless, the court must also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial."  Bouchat v. Balt. Ravens Football Club, Inc., 346 F.3d 514, 526 (4th Cir. 2003) (quoting Drewitt v. Pratt, 999 F.2d 774, 778–79 (4th Cir. 1993)).  Because the Court has not issued a scheduling order in this matter and the parties have not engaged in adequate discovery, the Court will not construe the Motion as one for summary judgment.  The Court will, therefore, examine the sufficiency of the Complaint under the Rule 12(b)(6) standard.

requirement need not be supported by such particularized facts.  See Ceant v. Aventura Limousine & Transp. Serv., Inc., 874 F.Supp.2d 1373, 1378 (S.D.Fla. 2012) ("Here [plaintiff] has alleged that [defendant's] gross annual revenues meet this threshold on 'information and belief,' and that is enough.").  The Court will, therefore, deny the Motion without prejudice.

The parties shall be permitted to conduct limited discovery as to whether Defendants are a covered enterprise under 29 U.S.C. § 203(s)(1)(A).  Defendants will be permitted to refile their motion upon the completion of limited discovery.  The parties shall have until March 11, 2016 to complete the limited discovery.  Defendants shall have until April 15, 2016 to file a motion for summary judgment as to whether they are a covered enterprise.

For the foregoing reasons, the Motion to Dismiss is DENIED without prejudice. Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/

_____

George L. Russell, III
United States District Judge